No. 15,469.

STATE TREASURER ET AL. *v.* ELLIS.

(170 P. [2d] 283)

Decided June 3, 1946.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. GEORGE K. THOMAS, Assistant, for plaintiff in error.

Mr. ERL ELLIS, pro se.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS is a case involving the validity of a regulation defining "head of a family" issued by the state treasurer under the Income Tax Act, Session Laws 1937, chapter 175, page 677. The litigation arose when Cruse, as director of revenue, hereinafter called the director, disallowed the claim of Ellis, to whom we refer as the taxpayer, who asserted that he was entitled to an exemption of $2,500 under the act as the "head of a family." The director reduced his exemption to $1,000, the amount allowed a single person, which action resulted in a deficiency assessment of $25.29. The taxpaper thereupon appealed from the ruling to the district court of Eagle county, pursuant to the provisions of section 26 of the act, where the court entered judgment holding that the "deficiency assessment is illegal and void," and ordering the allowance of the exemption claimed by the taxpaper as "head of a family."

The director presents three specifications of points upon which he relies for a reversal: "I. The director's decision constitutes a finding of fact and an interpretation of the statute lawfully within his powers. These will not be disturbed on review, unless they are arbitrary, capricious, or contrary to law. II. Exemptions are strictly construed against the taxpayer. To be exempt he must satisfy each and every qualification required by law or regulation. III. The regulation of the treasurer, defining the qualification for 'Head of a Family' is exclusive and controlling."

The taxpayer's claim for exemption as "head of a family" was based on the circumstances that, although divorced from his wife, he was the sole support of his son while the latter was attending the state university as a student, and also that he had maintained a living apartment in Denver where the son could reside when not in attendance at the university.

The director's reason for disallowing the claimed exemption is that, in the taxable year in question, the son was over twenty-one years of age and therefore the

taxpayer had no valid basis for claiming to be "head of a family" under the terms of the state treasurer's regulation, article 7, (a) (1) and (2)-3, reading as follows: "Personal exemption of head of family.—'Head of a family' means an individual who by reason of some legal or moral obligation actually supports and maintains in his own household one or more dependent individuals closely connected with him by blood, marriage, or adoption, and who has the right to exercise family control over such family unit. A single individual, who supports one or more relatives in his household, is not the 'head of a family' unless he has the legal or moral right to exercise family control and does in fact exercise such control. In a case where the dependent is a father or mother who is physically and mentally normal, a son or daughter cannot claim family control and exemption as head of a family. *The person on account of whose support the exemption is claimed must be under twenty-one years of age, or mentally or physically incapable of self-support, and must be without individual income sufficient for a major portion of their support.*" (Italics ours.)

This regulation generally, with the exception of the last sentence which is italicized, follows the words and meaning of a regulation adopted by the Bureau of Internal Revenue of the United States Treasury Department defining "head of a family" as used in several of the federal income tax laws previous to the present one. It will be noted that the federal regulations, previously in force, set no limitation as to age, or mental or physical incapacity of the person, the support of whom would afford the basis for the taxpayer qualifying as "head of a family."

The taxpayer argues that the definition of "head of a family" was adopted by the federal bureau only after a study of the use of that term in the common law in the various states of this country; that the state income tax law of 1937 was, after allowing for necessary

modifications, consciously modeled after the then existing federal law, and that the definition adopted by the federal bureau should therefore have been the one promulgated by the Colorado state treasurer.

Section 32 (a) of the State Income Tax Act reads: "It shall be the duty of the State Treasurer to administer this act and he shall have power and authority to adopt, amend, or rescind such rules and regulations * * * as he deems necessary or suitable to that end." In view of this authorization it is not meet for us to determine which is the better definition of the phrase "head of a family." It might be that if we were in the position of having to issue rules and regulations under the state income tax law that we would, in this particular matter, adopt the regulation formerly used by the federal bureau. But that is not the question here. It is not a matter of convincing this court as to which is the better definition. *Denver v. Lewin,* 106 Colo. 331, 336, 105 P. (2d) 854. The question here presented is whether the definition actually adopted by the treasurer is invalid by reason of being capricious, arbitrary, or contrary to law. *Craftsman Painters & Decorators v. Carpenter,* 111 Colo. 1, 137 P. (2d) 414. We do not believe that it is.

The State Income Tax Act grants a separate exemption of $400 for each dependent under the age of twenty-one years. The treasurer—in setting a maximum age limit of twenty-one for the dependent who furnishes the basis for the taxpayer's status as "head of a family" —had adopted the same age limit as that set out in the state income tax law for a dependent who affords the taxpayer a claim for a specific exemption. By setting the same age limit for the dependent in the former case that is used in the law itself for the dependent in the latter case, the state treasurer has been no more restrictive than is the law itself. The age limit is one by reason of which the legal, if not moral, control by the parent ordinarily ceases, as well as legal obligations on the part of the parent to the child. This does not seem to

be an unnatural or unreasonable limitation; nor does it appear to violate sound legal principles.

In contrast with the state income tax law, the present federal income tax act (1945) appears to have discarded the use of the term "head of a family," but the dependent who is the basis for a claim for specific exemption need no longer (contrary to previous acts) be under eighteen years of age.

█ The taxpayer in addition to claiming that the definition of "head of a family," which the treasurer has promulgated, "has no legal excuse or background," also asserts that its adoption by the treasurer was not through legal procedure. The declaration was made under the provisions of section 32 (b) of the State Income Tax Act, which read as follows: "General and special rules may be adopted, amended, or rescinded by the State Treasurer only after public hearing or opportunity to be heard thereon, to which proper notice has been given. General rules shall become effective ten (10) days after filing with the secretary of state and publication in one or more newspapers of general circulation in this State. Special rules shall become effective ten (10) days after notification to, or mailing to, the last known address of the individuals or concern affected thereby. Regulations may be adopted, amended, or rescinded by the State Treasurer and shall become effective in the manner and at the time prescribed by the State Treasurer."

The taxpayer asserts that the paragraph defining "head of a family" is a rule and not a regulation and therefore was not properly promulgated. It is suggested that a "rule" is a provision that affects or binds the taxpayer, while a "regulation" means a provision affecting only the procedure within the tax department. No authority is cited in support of these definitions, but it is argued that some differentiation must be made, and that the above seems to be a logical one. A search of the authorities has disclosed no support for such a construction. If we were to make a differentiation as here

suggested it would be in reverse, i.e., that "regulations" affect or bind the taxpayer and "rules" apply to the procedure to be followed in dealings in and with the department. The paragraph in question was entitled a "regulation," and was published with numerous other regulations amplifying and modifying the various sections of the law itself. We believe it proper to construe it as a regulation.

For the foregoing reasons, the judgment is reversed.

MR. JUSTICE STONE dissents.